## IN THE COURT OF APPEALS OF IOWA

No. 13-0385
Filed August 27, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON DEAN SEXTRO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.


        Brandon Sextro appeals his conviction, following a guilty plea, for possession of a controlled substance, second offense. **AFFIRMED.**


        Hannah M. Vellinga of Corbett, Anderson, Corbett, Vellinga & Irvin, L.L.P., Sioux City, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Patrick Jennings, County Attorney, and Rachel Rae Edmundson, Assistant County Attorney, for appellee.


        Considered by Doyle, P.J., McDonald, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Brandon Sextro appeals his conviction, following a guilty plea, for possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5) (2013).  He contends counsel rendered ineffective assistance by not filing a motion to suppress (1) physical evidence seized as a result of a warrantless entry and search of a residence in which he was residing, and (2) subsequent statements obtained as a result of the unlawful entry.  He also contends counsel rendered ineffective assistance by allowing his guilty plea to be accepted without a factual basis in the record and by not filing a motion in arrest of judgment.

> An ineffective-assistance-of-counsel claim in a criminal case need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes. The defendant may raise the ineffective assistance claim on direct appeal if he or she has reasonable grounds to believe the record is adequate to address the claim on direct appeal.  If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings.  Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal.

*State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citations and quotations omitted).

It appears there are no reported proceedings in this case.  The record consists of only the trial information and minutes of evidence, Sextro's written plea of guilty, and the court's sentencing order.  We find the record inadequate to

review the claims of ineffective assistance.[1] We therefore affirm Sextro's conviction, but preserve his claims of ineffective assistance of counsel for a possible postconviction proceeding.

**AFFIRMED.**

---

[1] The minutes of evidence appear to provide a factual basis for Sextro's plea of guilty. However, the sentencing order makes no finding that a factual basis exists, and the record gives no indication that the district court considered the minutes of evidence in accepting the plea of guilty. Sextro's written plea of guilty also appears to provide a factual basis. However, Sextro may cogently argue that absent ineffective assistance concerning the motion to suppress he would not have tendered the guilty plea.